IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2232-D

|  |  |  |
|---|---|---|
| ADAM SAMIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN FCI-BUTNER, | ) | |
| | ) | |
| Respondent. | ) | |

On November 3, 2025, Adam Samia ("Samia" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Samia signed his petition under penalty of perjury. See id. at 8. Samia contends that the Federal Bureau of Prisons ("BOP") must "correctly apply his earned time credits and good conduct time under the First Step Act . . . and Second Chance Act" and "transfer [him] to home confinement or other prerelease custody." [D.E. 1-1] 1. On December 15, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243 and allowed Samia's petition to proceed [D.E. 3].

On February 3, 2026, respondent moved to dismiss the petition or, alternatively, for summary judgment [D.E. 8] and filed a memorandum in support [D.E. 9], a statement of material facts [D.E. 10], and an appendix of exhibits [D.E. 11]. Because respondent attached materials outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d); Head v. Rakowski, 695 F. Supp. 3d 663, 677 (D. Md. 2023). The same day, the court notified Samia about the motion, the consequences of failing to respond, and the response deadline [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)

(per curiam). On February 23, 2026, Samia responded in opposition [D.E. 13]. As explained below, the court grants respondent's motion and dismisses without prejudice Samia's petition for failure to exhaust administrative remedies.

I.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

The United States District Court for the Southern District of New York sentenced Samia to 325 months' imprisonment following his convictions for conspiracy to murder and kidnap in a foreign country and conspiracy to commit money laundering. See Am. Cr. J., United States v. Samia, No. 1:13-CR-521-RA-6 (S.D.N.Y. May 22, 2024), [D.E. 885]; see also Samia v. United States, 599 U.S. 635 (2023); United States v. Samia, No. 24-1553, 2025 WL 3211109, at *1 (2d Cir. Nov. 18, 2025) (per curiam) (unpublished). Samia is serving his sentence in the BOP's

custody.  See [D.E. 1] 1.  According to the BOP, "[a]s of January 21, 2026, [Samia] has earned 365 days of First Step Act . . . time credits toward early release."  Respondent's Statement of Material Facts ("RSMF") [D.E. 10] ¶ 2.  "The BOP has applied [Samia's] 365 days of FSA credits toward early release to his term of supervised release."  Id. ¶ 3; cf. 18 U.S.C. § 3624(g)(1)(B).  Samia's projected statutory release date is August 19, 2038.  RSMF ¶ 4.  Samia's projected statutory release date "takes into account all applicable presentence jail credit, as well as all earned and projected Good Conduct Time."  Id.  Samia is "currently scheduled to release from his federal sentence on August 19, 2037, due to the application of his FSA time credits."  Id. ¶ 5.

While serving his federal sentence, Samia has submitted 16 "administrative remedy requests through the BOP's Administrative Remedy Program."  RSMF ¶ 6.  None of Samia's administrative remedy requests "have concerned the calculation, or miscalculation of his earned good time or good conduct time credit."  Id. ¶ 7.  On July 20, 2025, Samia "submitted a written request to the BOP Designation Center in Grand Prairie, Texas challenging the miscalculation of his release date."  [D.E. 1-1] 2.  Samia purports to have attached a copy of the letter to his petition and memorandum in opposition to summary judgment but did not attach the letter to either document.  See [D.E. 1]; [D.E. 13].

A prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking habeas relief in federal court.  See Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished); Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010).  The BOP has an administrative process to address prisoner complaints.  See 28 C.F.R. §§ 542.13–.15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).  For appeals from disciplinary proceedings, an inmate first must appeal directly to the Regional Director on a BP-10 form, and then to the Office of General Counsel (Central Office)

on a BP-11 form. 28 C.F.R. §§ 542.14(d)(2), 542.15(a)–(b). "Appeal to the General Counsel is the final administrative appeal." Id. § 542.15(a).

Samia did not file a grievance in accordance with the procedures set forth in the BOP's administrative remedy program. See 28 C.F.R. §§ 542.13–.15. Rather, Samia contends "because [he] is currently held beyond the date he would be eligible for release with proper application of credits, requiring him to complete the administrative remedy process would be futile and cause irreparable harm." See [D.E. 1-1] 2. Not so. Samia's projected release date, with the application of FSA credits, is August 19, 2037. See RSMF ¶ 5; see also Roberts v. Cox, No. 4:20-CV-4187, 2022 WL 742489, at *2 (D.S.D. Mar. 11, 2022) (unpublished), appeal dismissed, No. 22-1578, 2022 WL 4239573 (8th Cir. May 9, 2022) (unpublished). Accordingly, Samia has had ample time to complete the BOP's administrative remedy process. Moreover, Samia has not exhausted available administrative remedies and has not presented any evidence or argument warranting excusal of exhaustion. See, e.g., Knight v. Bell, No. CV 20-3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (unpublished); Chestnut v. Mosley, No. 1:18-CV-639, 2018 WL 1886582, at *2 (D.S.C. Mar. 14, 2018) (unpublished), report and recommendation adopted, 2018 WL 1875448 (D.S.C. Apr. 19, 2018) (unpublished). Thus, the court grants respondent's motion for summary judgment.

After reviewing Samia's petition, the court finds that reasonable jurists would not find the court's treatment of Samia's petition debatable or wrong, and that the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 8], and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust administrative remedies [D.E. 1]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 27 day of May, 2026.

JAMES C. DEVER III
United States District Judge

Case 5:25-hc-02232-D     Document 14     Filed 05/28/26     Page 5 of 5